1  KARTHIK K. MURTHY – State Bar No. 343,960
   K@MurthyPatentLaw.com
2  MURTHY PATENT LAW INC.
   3984 Washington Blvd.
3  Suite 324
4  Fremont, CA 94538
   Telephone: (425) 968-5342
5  Facsimile: (425) 215-0247

6  Attorneys for Plaintiff
7  ImageSails, LLC

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ImageSails, LLC | Case No: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| PRECISION SAILS | |
| Defendants. | |

1
COMPLAINT

**TABLE OF CONTENTS**

Page

COMPLAINT FOR PATENT INFRINGEMENT ................................................................... 3

PARTIES ................................................................................................................................. 3

JURISDICTION ...................................................................................................................... 3

VENUE .................................................................................................................................... 4

THE ASSERTED PATENT..................................................................................................... 5

DEFENDANT'S INFRINGING USE ..................................................................................... 7

FIRST CLAIM FOR RELIEF.................................................................................................. 8

(Infringement of the '618 Patent)............................................................................................. 8

PRAYER FOR RELIEF......................................................................................................... 10

DEMAND FOR JURY TRIAL.............................................................................................. 10

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ImageSails, LLC ("Plaintiff" or "ImageSails"), for its complaint against Defendant Precision Sails ("Precision Sails"), hereby demands a jury trial and alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement of United States Patent No. 10,618,618 ("the '618 Patent") (the "Patent-in-suit"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq.*

**PARTIES**

2. Plaintiff is a Florida company with headquarters at 1395 Brickell Avenue, Suite 800, Miami, FL 33131.

3. The inventor, Daniel Gohstand, assigned ownership of the patent to Plaintiff on September 3, 2024. The signed assignment contract is attached as Exhibit 1. The notice of recordation of assignment is attached as Exhibit 2.

4. Defendant Precision Sails is a corporation located in Sidney, British Columbia, Canada.

5. A screenshot showing this location on a website is attached as Exhibit 3. This screenshot was taken on November 13, 2024.

6. Defendant has at least 1 place of business at 9724 Fourth St Suite 101, Sidney, BC, V8L 2Y7 2526 Canada. This location is an office of Precision Sails. An image of the location from https://www.precisionsailloft.com/contact/ is also in Exhibit 3.

7. On information and belief, there may be other corporate affiliates of Precision Sails who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

**JURISDICTION**

8. This is an action for infringement of claims of U.S. Patent No. 10,618,618, entitled "Sail Printing Process", which was duly issued by the United States Patent and Trademark Office on April 14, 2020 ("the '618 patent"). A true and accurate copy of the '618 patent is attached as Exhibit 4 to this Complaint.

9. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*.

10. This court has personal jurisdiction over Precision Sails pursuant to 28 U.S.C. §§1400(b) because Precision Sails conducts business in the Northern District of California, and has committed acts of infringement in the Northern District of California. Furthermore, since Defendant is based internationally (in Canada), any US court has personal jurisdiction over Defendant.

11. On information and belief, Precision Sails has committed acts of infringement in the Northern District of California because Precision Sails has directly infringed Claim 1 of the '618 Patent by using the Accused Instrumentalities (as defined below) within California, including within this judicial district. On information and belief, Precision Sails has used the Accused Instrumentalities to provide data and services to individuals and businesses within California, and within this judicial district. For the reasons set forth below, such use directly infringes the Asserted Claims. Thus, Precision Sails is subject to specific personal jurisdiction in this district, because it has committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

**VENUE**

12. Venue is proper over the Defendant in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

13. Venue is also proper over Precision Sails because: (i) on information and belief, Precision Sails has committed direct infringement in this district, including by using Accused Instrumentalities in connection with its provision of services to customers in this district, and/or by using Accused Instrumentalities directly within this district. See 28 U.S.C. § 1400(b).

**INTRADISTRICT ASSIGNMENT**

4
COMPLAINT

14. This case is a patent infringement dispute that is appropriate for district-wide assignment. Assignment to the San Francisco Division is appropriate because a substantial part of the events that gave rise to the claims asserted in this Complaint occurred in San Francisco County.

### THE ASSERTED PATENT

15. Daniel Gohstand is the sole named inventor of the '618 patent.

16. On August 15, 2014, Daniel Gohstand filed with the United States Patent and Trademark Office ("USPTO") Provisional Patent Application no. 62/038,055 (the '055 application) directed to his inventions. On August 17, 2015, Daniel Gohstand filed with the USPTO a non-provisional patent application, U.S. Patent Application No. 14/828,500 (the '500 application), claiming priority to the '055 application. On February 14, 2019, Daniel Gohstand filed with the USPTO a non-provisional patent application, U.S. Patent Application No. 16/267,076 (the '076 application), claiming priority to the '500 application. On April 14, 2020, the USPTO issued the '618 patent from the '076 application. The '618 patent is entitled "Sail Printing Process".

17. The '618 patent is valid and enforceable. The '618 patent claims patent-eligible matter.

18. "Claims 1 and 2 of the conflicted U.S. Patent No. 10,196,119 to Gohstand and the pending claims 1-4 and 6-13 are claiming a common subject matter. However, the Terminal Disclaimer filed on Nov. 25, 2019 has overcome an Obviousness-Type Double Patenting Rejection. There was no other prior art that suggested a modification with the cited prior art so as satisfy the combination of pending claims". This is from the December 9, 2019 "Notice of Allowance and Fees Due (PTOL-85)", pdf page 6, in the prosecution of the '618 patent, and can be found here:

https://patentcenter.uspto.gov/applications/16267076/ifw/docs?application=

19. The December 9, 2019 "Notice of Allowance and Fees Due (PTOL-85)" is attached as Exhibit 5 to the Complaint.

20. The patentee and the U.S. patent and trademark office reviewed the prior art regarding a sail printing process. The U.S. patent and trademark office found the quoted section above (paragraph 22) to not be disclosed in the prior art, and so claims 1-4 and 6-13 disclose the inventive concept of the '618 patent.

21. In addition, the inventor of the '618 patent, Daniel Gohstand, has made a Declaration, attached to this Complaint, stating that Precision Sails employees were aware of this invention since at least 2021.

22. Precision Sails has actual knowledge of the '500 application at least as of 2021, as disclosed in the attached Declaration of Daniel Gohstand. Precision Sails also was informed of the patent when an email regarding the '500 application was sent to Precision Sails.

23. A copy of emails sent December 6, 2022 and December 30, 2022 are attached as Exhibit 6 to this Complaint.

24. Plaintiff also sent Precision Sails emails on January 18, 2023 and March 2, 2023. These are attached as Exhibit 7 to this Complaint.

25. The letter attached to the March 2, 2023 email is attached as Exhibit 8 to this Complaint.

26. Precision Sails was aware of Plaintiff's existence, and so might have been aware of the '500 application even earlier than these dates.

27. The entire right, title, and interest in and to the '618 patent, including all rights to past damages, is assigned to ImageSails.

28. The asserted claims of the '618 patent are method claims. One of these is claim 1, an independent method claim. Claim 1 is reproduced below:

A method for printing high-resolution images to wind-catching fabrics without compromising the performance of the wind-catching fabrics comprising:

identifying the size and shape of the wind-catching fabric;

selecting at least one image to print to the wind-catching fabric;

using image editing software to size the image to the proportions of the wind-catching fabric;

using image editing software to edit and prepare the image for three-dimensional software editing;

exporting a two-dimensional copy of the at least one image from the image editing software;

importing a three-dimensional image file with all geometric features of the wind-catching fabric, including a 1:1 dimension ratio and curvature of the wind-catching fabric;

importing the two-dimensional copy of the at least one image on the three-dimensional image file corresponding to the dimensions of the wind-catching fabric;

defining the size of the panels to include overlapping sections and margins for printing;

placing key lines on the at least one image;

exporting the panels as individual digital image files;

printing the image of the individual digital image files to the wind-catching fabric using a large-format digital printer, forming printed panels;

cutting the printed panels; and

sewing the panels together with a sailmaker's loom.

29. All the lines of claim 1 disclose the inventive concept of the '618 patent. Furthermore, at the time of filing the '055 application, there was nothing like it in the marketplace.

30. One example of the results of the method in claim 1 of the '618 patent is shown in Exhibit 9, which shows photos of a sail that was printed on using the method in claim 1 of the '618 patent. These photos are from February 2015 at the Strictly Sail Miami event. The phrase "patent pending" can be seen in the photos.

31. Plaintiff also printed various postcards in February 2015, attached as Exhibit 10. The receipt for the order to print these postcards is attached as Exhibit 11.

**DEFENDANT'S INFRINGING USE**

32. On information and belief, Precision Sails and/or its affiliates, have directly infringed Claim 1 of the '618 patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of , and other products depicted on Defendant's websites and sold on third party websites ("the Accused

Products") within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the August 17, 2035 expiration date of the '618 patent (the "Relevant Time Period").

33. A chart providing exemplary evidence of infringement of the '618 patent are attached to this Complaint as Exhibit 12.

34. The attached Declaration of Daniel Gohstand further explains how Defendant has infringed Claim 1 of the '618 patent.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '618 Patent)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34 above as if fully set forth herein and further alleges:

36. Precision Sails has committed direct infringement of each Asserted Claim of the '618 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each Asserted Claim in the U.S., during the Relevant Time Period.

37. Defendant has infringed and continue to infringe one or more of the claims of the '618 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff.  A chart providing exemplary evidence of infringement of the '618 patent are attached to this Complaint as Exhibit 12.

38. On information and belief, Plaintiff alleges Defendant has been, and is currently, infringing the '618 patent in violation of 35 U.S.C. § 271.  Defendant's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

39. Defendant has continued their infringement despite having notice of the '618 Patent and despite continuous efforts by Plaintiff to work together for their mutual benefit.  Defendant has committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendant's acts of willful and deliberate infringement will continue

after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

40. Defendant has indirectly infringed and continues to infringe at least claim 1 of the '618 patent by inducement under 35 U.S.C. 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '618 patent.

41. Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.precisionsailloft.com) and/or providing customers with instructions and/or manuals for using the Accused Products. Likewise, Defendant knowingly induced retailers to market and sell the Accused Products.

42. On information and belief, Defendant has contributed to the infringement of at least claim 1 of the '618 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c).

43. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of the '618 Patent.

44. Defendant's acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

45. As a direct and proximate result of Defendant's infringement of the '618 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits or the right to recover a reasonable royalty. Plaintiff's contractors (employed to render products) have also lost business due to Defendant's infringement. Plaintiff has also lost personal and artistic acknowledgment due to Defendant's infringement. Furthermore, unless Defendant is enjoined by this Court from continuing its infringement of the '618 Patent, Plaintiff has, and will suffer, additional irreparable damages

and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. That the Defendant has infringed and is infringing the '618 Patent;

B. That such infringement is willful;

C. That defendant be ordered to pay Plaintiff damages caused by said Defendant's infringement of the '618 Patent and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs; and

E. That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, ImageSails, LLC, hereby demands a jury trial on *all* of its claims, causes of action and issues that are triable by jury.

Dated: January 4, 2025                                  **MURTHY PATENT LAW INC.**

By:  /s/ Karthik K. Murthy
Karthik K. Murthy
K@MurthyPatentLaw.com
3984 Washington Blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

*Attorneys for Plaintiff*
ImageSails, LLC